Lewis Lamar FREE, Plaintiff–Appellant,

v.

Robert C. GRANGER, M.D., Greenlawn Hospital, Atmore, AL., William Cook, Commissioner, Sammy McGowin, Commissioner, Aubrey Adams, Commissioner, Houston Baker, Commissioner, Devon Wiggins, Commissioner, G.S. "Scottie" Byrne, Ex–Sheriff, Timothy Hawsey, Sheriff, Defendants–Appellees.

No. 86–7624.

United States Court of Appeals, Eleventh Circuit.

Nov. 14, 1989.

---

George A. LeMaistre, Jr., Michael R. Mills, Miller, Hamilton, Snider & Odom, Mobile, Ala., for plaintiff-appellant.

Armbrecht, Jackson, DeMouy, Crowe, Holmes, W. Boyd Reeves, Edward A. Dean, Mobile, Ala., for defendants-appellees.

Davis Carr, Helen Johnson Alford, Hand, Arendall, Bedsole, Greaves & Johnston, Brown, Hudgens, Richardson, P.C., Thomas H. Nolan, Jr., Michael McGlothren, Mobile, Ala., for Sheriff Timothy Hawsey and G.S. "Scotty" Byrne.

**1554**

Before TJOFLAT and CLARK, Circuit Judges, and RYSKAMP\*, District Judge.

RYSKAMP, District Judge:

The plaintiff, Lewis Lamar Free alleges constitutional violations that gave rise to liability under 42 U.S.C. § 1983, and breaches of common law duties to the plaintiff as a result of defendants' alleged repeated denials of medical care needed by the plaintiff. Free was wounded during a shoot-out with law enforcement officials. After his arrest, he was taken to Green-lawn Hospital, where he was treated by Dr. Robert C. Granger. Dr. Granger treated the wound, was of the opinion that no medication or further treatment was necessary, and released Free to the Sheriff to be delivered to jail. Sheriff Byrne was in charge of the jail at the time of Free's admittance. Sheriff Hawsey succeeded him. The jail did not have a staff doctor, but rather a nurse that was at the jail twice a week, who was also continually on call. If a doctor was needed, the nurse would call him in.

Free had recurring problems with his wound becoming infected, and several times he lanced it himself with a razor blade. This provided temporary relief, but reinfection required Free to be examined several times by a nurse, and by four different doctors. Free contends that the persistent reinfection of the wound is proof of the inadequate medical treatment received by the inmates at Escambia County Jail.

The United States Magistrate issued a Report and Recommendation that the motion for summary judgment filed by defendants Dr. Granger and Greenlawn Hospital be granted, because the plaintiff's claims against these defendants were barred by the Alabama statute of limitations for negligence, as well as the Alabama statute of limitations for malpractice actions. The United States District Court for the South-ern District of Alabama adopted the recommendation of the magistrate. Appellees Byrne, Hawsey, and Escambia County, Alabama, also defendants in the case below, moved for an involuntary dismissal of the claims against them, which the district court granted.

## I. STATUTE OF LIMITATIONS

The plaintiff claims that defendants Dr. Granger and Greenlawn Hospital violated his rights under 42 U.S.C. § 1983, by denying him proper medical treatment. The district court granted the defendants motions for summary judgment with respect to plaintiff's Section 1983 claims, on the ground that these claims were time barred because, although this was a Section 1983 claim, the appropriate statute of limitations in Alabama for the plaintiff's claim was either two years for medical malpractice or one year for negligence. Ala.Code §§ 6-5-482, 6-2-38.[1] Approximately one month after the district court's decision, the Supreme Court of the United States decreed that jurisdictions identify and apply the one most appropriate state statute of limitations for Section 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 275, 105 S.Ct. 1938, 1946, 85 L.Ed.2d 254 (1985). It was apparent to the Court that Congress did not anticipate the great diversity of claims that the remedy provided by Section 1983 would encompass, and deemed it Congress' intent to be that the identification of the appropriate statute of limitations be an uncomplicated duty for the federal courts. *Id.*, 105 S.Ct. at 1946–47. Thus, the need for uniformity within a state mandated that the statute be interpreted as a directive to federal courts to select the one most appropriate statute of limitations for Section 1983 claims in that particular state. *Id.*

*Wilson* unfortunately did not eliminate the confusion in determining the appropriate statute of limitations for Section 1983

\* Honorable Kenneth L. Ryskamp, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. The one year statute of limitations for negligence claims in Alabama, which was the applicable limitations period when the plaintiff's cause of action arose, has since been repealed. The actions governed by the former one-year statute, section 6–2–39 have been transferred to Section 6–2–38, the two-year statute. *See Citibanc of Alabama/Fultondale v. Tricor Energies, Inc.*, 493 So.2d 1344, 1346 n. 1 (Ala.1986).

claims. Several courts of appeals, including this court, resorted to the state statute of limitations for several enumerated intentional torts. *See Jones v. Preuit & Mauldin,* 763 F.2d 1250, 1256 (11th Cir.1985) (adopting the six year statute of limitations for trespass for all Section 1983 claims in Alabama), *cert. denied,* 474 U.S. 1105, 106 S.Ct. 893, 88 L.Ed.2d 926 (1986); *see also Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985) (favoring the Ohio statutes of limitations for libel, slander, and other intentional torts, while rejecting the statute of limitations for bodily injury), *cert. denied,* 476 U.S. 1174, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986); *Gates v. Spinks,* 771 F.2d 916 (5th Cir.1985) (selecting the Mississippi statute of limitations for intentional torts), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986). Other courts of appeals, however, have embraced the state's residuary statute of limitations for personal injury actions. *See e.g., Meade v. Grubbs,* 841 F.2d 1512 (10th Cir. 1988) (choosing the Oklahoma statute of limitations for "injur[ies] ... not hereinafter enumerated," while specifically rejecting the statute for assault and battery); *Small v. Inhabitants of City of Belfast,* 796 F.2d 544 (1st Cir.1986) (opting for Maine's residual statute of limitations). It was the decision of the United States Court of Appeals for the Second Circuit to apply the state of New York's three year residual statute of limitations to Section 1983 claims, that prompted the Supreme Court of the United States to resolve the confusion left in the wake of *Wilson v. Garcia. See Owens v. Okure,* 816 F.2d 45 (1987), *aff'd,* —— U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).

In *Owens,* the Court described its task as providing a rule for applying the statute of limitations to a Section 1983 claim "that can be applied with ease and predictability in all 50 states." *Owens,* 109 S.Ct. at 578. The Court thought it unwise to endorse a rule allowing courts to apply the state statute of limitations for intentional torts. States often have multiple intentional torts, and these torts may have different limitations periods as well. In contrast, every state has a single residual statute of limita-

tions governing injuries to persons. Because of the ease of identification and application of these statutes of limitations, as well as the fact that applying a statute of limitations for intentional torts would be unnecessarily narrow, given the fact that many Section 1983 actions do not have a corresponding or analogous cause of action under state law, the Court affirmed the Second Circuit's application of New York's residual statute of limitations.

■ This court's decision in *Jones v. Preuit & Mauldin, supra,* was vacated and remanded for further consideration in light of *Owens. See* —— U.S. ——, 109 S.Ct. 1105, 103 L.Ed.2d 170 (1989). Upon reconsideration, this court held that a court should apply the statute of limitations in effect at the time the action is brought, and applied the one-year residual personal injury statute of limitations, Ala.Code § 6–2–39(a)(5) (repealed). *Jones v. Preuit & Mauldin,* 876 F.2d 1480 (11th Cir.1989) (en banc). As was the case in the *Jones* case, the plaintiff also brought this action at a time when the one-year statute of limitations was in effect. Accordingly, the district court did not err in dismissing the Section 1983 claim when he applied the two-year statute of limitations. Inasmuch as the Section 1983 action is time barred, it is not necessary to discuss the plaintiff's claims that the doctor and the hospital were acting under color of state law, or whether there was proof of deliberate indifference to the medical needs of the plaintiff.

## II. PLAINTIFF'S PENDENT STATE LAW CLAIMS

■ The plaintiff's pendent claim for medical malpractice is barred by the Alabama statute of limitations, which is two years. Ala.Code § 6–5–482. His claim for negligence is likewise barred by the then applicable one year statute of limitations in Alabama. *See* Ala.Code § 6–2–38; note 1 *supra.* The plaintiff claims that he first suffered an infection on November 25, 1981. The statute of limitations begins to run when the first injury, however slight, occurs, even though that injury may later

become greater or different. *Moon v. Harco*, 435 So.2d 218, 220 (Ala.1983). Summary judgment as to these claims, therefore, was proper.

## III. LIABILITY OF ESCAMBIA COUNTY

■ A municipality may not be found liable for violations of 42 U.S.C. § 1983 on a theory of respondeat superior. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The *Monell* Court posited that although Congress intended for municipalities to be liable for adopting and promulgating an unconstitutional policy, it was not the intent of Congress that a municipality should be held liable merely because it employs a tortfeasor. *Id.* at 691, 98 S.Ct. at 2036; *see Cannon v. Taylor*, 782 F.2d 947, 950 (11th Cir.1986); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442–43 (11th Cir.1985). Thus, to the extent that the plaintiff is seeking recovery from Escambia County, Alabama for the malfeasance of several of its employees, recovery is impermissible under the statute.

■ The plaintiff's theory of recovery, however, seems to go beyond respondeat superior in arguing that defendant Escambia County was party to an unconstitutional procedure. The plaintiff claims that the way in which the prison infirmary was staffed constituted a policy that resulted in the denial of the plaintiff's right to due process. Deprivations arising from municipal custom or policy can result in municipal liability under Section 1983. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037–38; *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1503 (11th Cir.1985), *cert. denied*, 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986). In other words, when an injury is inflicted as the result of governmental policy or custom, the government is responsible under Section 1983. *See Anderson v. City of Atlanta*, 778 F.2d 678, 685 (11th Cir.1985). The requirement of an official policy was intended to distinguish acts of the municipality from acts of employees of the municipality. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986).

The plaintiff alleges that the county demonstrated deliberate indifference to his serious medical needs. In order to affix liability on the county, the plaintiff has asserted that deliberate indifference is the necessary effect of a policy of deficiencies in staffing and/or procedures such that the plaintiff was denied access to adequate medical care. Proof of staffing or procedural deficiencies may give rise to a finding of deliberate indifference. *Anderson v. City of Atlanta*, 778 F.2d 678, 687 n. 12 (11th Cir.1985); *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 n. 5 (11th Cir.1985).

It is not sufficient, however, to point to the absence of a medical doctor, or of a round-the-clock nurse, and decry the staffing policy as unconstitutional. The United States Magistrate found as a matter of fact that the plaintiff did receive medical treatment for his complaints, including follow-up visits with physicians. This court concurs with the magistrate's conclusion that the policy of the defendants was to provide all necessary medical treatment for prisoners, and that policy was followed as to the plaintiff. The plaintiff's opinion that the medical staffing of the institution in question is insufficient does little to disturb this court's confidence in the district court's ruling. The plaintiff is asking this court to find that an unconstitutional policy of understaffing caused the reinfection of his wound. This the court will not do.

■ Furthermore, in the instant case the plaintiff filed an objection to a finding of fact by a magistrate, which the district court later adopted as its own. The factual conclusions reached by the district court are subject only to a clearly erroneous standard of review on appeal. Fed.R. Civ.P. 52(a); *see Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988). The findings of fact adopted by the district judge, including the finding that the plaintiff did receive medical treat-

ment for his complaints, as well as the finding that the policy of the defendants was to provide all necessary medical treatment for prisoners, were not clearly erroneous. Accordingly, the district court's ruling as to the Section 1983 liability of defendant Escambia County is affirmed.

## IV. LIABILITY OF SHERIFFS BYRNE AND HAWSEY

[redacted] A federal court defining the role and status of a public official for purposes of determining liability under Section 1983 must look to state law. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 484, 106 S.Ct. 1292, 1301, 89 L.Ed.2d 452 (1986). Under the plain language of the Constitution of Alabama, a sheriff is an executive officer of the state. Ala. Const. Art. V, § 112; *Parker v. Amerson,* 519 So.2d 442, 443 (Ala.1987). Accordingly, Sheriffs Byrne and Hawsey are employees of the State of Alabama, and not Escambia County, Alabama. Suits against these officials in their official capacities are effectively suits against the entity that those officials represent. Thus, the plaintiff's claim against Sheriffs Byrne and Hawsey is in substance a Section 1983 action in which the State of Alabama is the real party in interest. *See Parker v. Williams,* 11th Cir., 1989, 862 F.2d 1471 (1989) (citing *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3105–06 n. 14, 87 L.Ed.2d 114 (1985)).

[redacted] The eleventh amendment to the Constitution of the United States prohibits a federal court from exercising jurisdiction over a lawsuit against a state, unless that state either consents to be sued or waives its immunity from such suit. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 98–100, 104 S.Ct. 900, 906–07, 79 L.Ed.2d 67 (1984). Eleventh amendment jurisprudence has always tried to balance the delicate friction between principles of state sovereignty and the vindication of federal constitutional rights. In the instant case, the sheriffs are state officials being sued in their official capacities for money damages incurred as a result of alleged constitutional deprivations. The state has neither consented to be sued, nor waived its Eleventh Amendment immunity. Such an action is barred, because any damage award would be paid out of the state treasury, an impermissible occurrence under our constitutional scheme. *Quern v. Jordan,* 440 U.S. 332, 338, 99 S.Ct. 1139, 1143–44, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). To the extent that Sheriffs Byrne and Hawsey are being sued as individuals, the record is devoid of evidence tending to establish that any of the defendants acted with deliberate indifference to his serious medical needs, which renders unsuccessful any claim against these defendants.

In conclusion, we find that the district court did not err in ruling that the plaintiff's Section 1983 claims were barred by the statute of limitations. Furthermore, we agree with the district court that the plaintiff has not sufficiently established facts that could give rise to a violation of 42 U.S.C. § 1983, and any pendent state claims are barred by the applicable Alabama statute of limitations. Accordingly, the district court's rulings as to all defendants in this case are

AFFIRMED.