**Lance LUFKIN, Plaintiff,**

v.

**Charles A. McCALLUM, et al., Defendants.**

**Civ. A. No. 90–AR–1979–S.**

United States District Court, N.D. Alabama, S.D.

Nov. 13, 1990.

Thomas W. Bowron, II, Polson Jones Bowron & Robbins, Birmingham, Ala., for plaintiff.

Ina B. Leonard, Cindy Stone Waid, Office of Counsel, The University of Alabama System, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

This court has for consideration a motion to dismiss pursuant to Rule 12(b)(6), F.R. Civ.P., filed by defendants, Charles A. McCallum, et al.

## UNDISPUTED PERTINENT FACTS

Plaintiff, Lance Lufkin, was appointed as a temporary lecturer at the University of Alabama in Birmingham for the academic year 1984–1985. He secured subsequent appointments for the 1985–1986 and 1986–1987 academic years. On either May 27, 1987 or May 29, 1987, Lufkin received written notice of his non-reappointment. After he complained that the written notice did not conform to U.A.B. policies, defendants, Charles A. McCallum, J.A. Woodward, and Blaine Brownell, officials of U.A.B. with decisional authority in this area, refused to overturn Lufkin's non-reappointment.

Within a short period after the written notice, Lufkin consulted with an attorney, who informed him that the appropriate statute of limitations for a 42 U.S.C. § 1983 claim arising in Alabama was six years. At that time this legal advice conformed to what the Eleventh Circuit two years earlier had said in *Jones v. Preuit & Mauldin,* 763 F.2d 1250 (11th Cir.1985). On September 20, 1990 (almost three years and four months after the adverse employment decision out of which this complaint arises), Lufkin filed his § 1983 action.

## CONCLUSIONS OF LAW

Because the issue is dispositive, the court will address only one of defendants' Rule 12(b)(6) issues, namely, their statute of limitations defense. Defendants claim that the applicable statute of limitations for § 1983 actions in Alabama is two years, and therefore that Lufkin's complaint is time barred.

The Supreme Court in *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), clarified *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and held that § 1983 claims are governed by a state's general or residual statute for personal injury actions. *Id.,* 109 S.Ct. at 582. The Supreme Court thereafter vacated *Jones v. Preuit & Mauldin, supra,* and remanded that case to the Eleventh Circuit for reconsideration in light of *Owens. See* 489 U.S. 1002, 109 S.Ct. 1105, 103 L.Ed.2d 170 (1989). The Eleventh Circuit in *Jones v. Preuit & Mauldin,* 876 F.2d 1480 (11th Cir.1989), then followed *Owens* and held that the two years limitations period of Ala.Code § 6-2-38(1) applies to § 1983 actions in Alabama. *Id.* at 1483. Thus, *Owens,* in effect, corrected what the Eleventh Circuit had erroneously said in *Preuit & Mauldin I.* The only question which this court now faces is whether or not to deny so-called "retroactive" effect to *Owens* and *Preuit & Mauldin II.* The court finds that the limitations period established by *Owens* and by *Preuit & Mauldin II* should be enforced here, whether the application is described as "retroactive" or simply as a recognition of the original intent of the Supreme Court in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), decided prior to Lufkin's obtaining his legal advice.

The general rule here applicable is that cases are to be decided in accordance with the law existing at the time of the decision. *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 486 n. 16, 69 L.Ed.2d 784 (1981). This even includes employing binding judicial decisions which occur during the pendency of the case in which the new decision is being applied. *See Goodman v. Lukens Steel Co.,* 482 U.S. 656, 662, 107 S.Ct. 2617,

2622, 96 L.Ed.2d 572 (1987). Here, of course, *all* pertinent decisions were handed down either by the Supreme Court or by the Eleventh Circuit *prior* to the filing of Lufkin's complaint. Nothing important has changed thereafter.

An exception to the general rule of retroactive application provides a three-prong test for determining whether or not a court should treat a particular decision simply as representative of the law as it pre-existed the pending case or as a new wrinkle which should only have prospective effect. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). These considerations include: (1) whether the judicial decision established a new legal principle by overruling clear past precedent which litigants could reasonably have relied upon; (2) whether retroactive application would enhance or inhibit the purpose behind the decision's rule; and (3) whether retroactive application would be inequitable. 92 S.Ct. at 355.

Defendants in the present action strangely concede that *Owens* and *Preuit & Mauldin II* overruled past precedent, but their concession is erroneous. A check of the law books in 1987 would have revealed that *Preuit & Mauldin* was still a pending case when the alleged constitutional tort here complained of was committed. Lufkin argues that he was entitled to rely upon *Preuit & Mauldin I.* Not only did the Eleventh Circuit itself apply *Owens* "retroactively" in *Preuit & Mauldin II*, but when *Preuit & Mauldin I* was *vacated*, it was as if it had never existed. It is not as if the applicable statute of limitations changed *between* cases. *Preuit & Mauldin I* and *Preuit & Mauldin II* came from the *same* case, and, as is generally understood, "It's not over until it's over!"

Although defendants made an unnecessary concession as to the first *Chevron* factor, they correctly argue that the other two *Chevron* factors mandate the retroactive application of *Owens* here. First, a retroactive application would help to establish and to maintain a uniform limitations period for § 1983 actions, the purpose behind *Owens*. Defendants are also correct when they say that retroactive application would not be inequitable in this case. When *Owens* was decided on January 10, 1989, Lufkin still had five months within which to file his complaint under the *Owens* two-year statute of limitations. Thus, this is not a case in which the decision to be applied retroactively totally eliminated Lufkin's chances to present his claim. Lufkin and his lawyer may have been disappointed by the recognition of a shorter statute of limitations period than they thought existed, but Lufkin was not thereby denied reasonable access to this court. He must be deemed to have known about *Owens*, after which he had five months to meet the *Owens* deadline. Therefore, it is not inequitable to apply *Owens* retroactively to Luflin's action.

Neither plaintiff nor defendants cite *Foster v. Bd. of Sch. Com'rs of Mobile City, Ala.*, 872 F.2d 1563 (11th Cir.1989), or *Free v. Granger*, 887 F.2d 1552 (11th Cir.1989). *By necessary implication,* the Eleventh Circuit in *Free* found *Owens* and *Preuit & Mauldin II* to be applicable retroactively. Although the question of retroactive application was not discussed in *Free*, it is clear that the cause of action there would not have been barred if the six-year statute of limitations (temporarily recognized in *Preuit & Mauldin I*) had been applied. Of greater interest is *Foster*, which did discuss "retroactivity", together with *Preuit & Mauldin*, but it dealt with whether to apply *Preuit & Mauldin I* retroactively rather than whether to apply *Preuit & Mauldin II* retroactively. Using the *Chevron* analysis, the Eleventh Circuit in *Foster* found that the six-year statute in *Preuit & Mauldin I* should *not* be made available retroactively to provide a *longer* statute of limitations than *Owens* provides. This was virtually the same thing, if not the same thing, as saying that the two-year statute in *Preuit & Mauldin II* should be applied retroactively.

Closely on point is *Wycoff v. Menke*, 773 F.2d 983 (8th Cir.1985), in which the Eighth Circuit applied *Wilson v. Garcia* retroactively to bar a § 1983 action which would not have been barred under prior Eighth Circuit precedent. The rationale was that

the limitations issue was sufficiently unsettled so that plaintiff was provided no justification for relying on shaky precedent. This rationale readily applies to Lufkin's situation.

Whether what this court is doing can be properly described in giving *Preuit & Mauldin II* "retroactive effect" or as simply recognizing that *Preuit & Mauldin I* was never final and was subject to being vacated, as actually happened, so that it never guaranteed Luflin a six-year statute of limitations, is, perhaps, an academic question. Either way, the result is the same.

### CONCLUSION

For the foregoing reasons, Lufkin's claim for relief is untimely and is due to be dismissed.

An appropriate, separate order will be entered.