991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alfred MARTINEZ, Plaintiff-Appellant,
v.
Bruce KING, Adolph Siez, Jerry Griffin, John Doe I and John
Doe II, Defendants-Appellees.
 No. 92-2294.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Alfred Martinez appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint on the grounds that it is barred by the statute of limitations and Eleventh Amendment immunity.
 
 
 3
 Martinez was an inmate in the New Mexico state prison at Santa Fe, New Mexico, on February 2, 1980, when a violent prison riot occurred. Martinez alleged that during the riot, he was subjected to extreme psychological stress, terror, horrific sights of brutality and madness, and as a result has been continually plagued with flashbacks, nightmares, illusions, cold sweats, paranoia, and depression. Martinez sought and received psychological counseling and medication immediately following the riot and at all times since. However, Martinez alleged that he did not know of the severity of his injuries until November, 1990. Martinez argues that the counseling he received was to quell the anger and stress which the riot triggered, but it was not until 1990 that he learned that his injuries, called post-traumatic syndrome, were permanent in nature. Martinez contends that it is not uncommon for ten years to pass before these post-traumatic syndrome symptoms appear.
 
 
 4
 Martinez filed suit on February 7, 1991, against Bruce King, then-serving as Governor of the State of New Mexico, and other defendants then serving as Correction Department officers and/or guards. He alleged that the defendants had violated his right to be free from cruel and unusual punishment and had been grossly negligent in failing to take adequate steps to avoid the prison riot, contrary to the Eighth and Fourteenth Amendments to the United States Constitution. Martinez prayed for an award of $1,000,000 in compensatory damages.
 
 
 5
 After the defendants moved to dismiss Martinez' complaint on the basis of their Eleventh Amendment immunity, Martinez filed a motion to file an amended complaint to name the defendants in their individual capacities. That motion was denied by the district court on the ground that it had been rendered moot because Martinez' claim was barred by the statute of limitations.
 
 
 6
 On appeal, Martinez contends that (1) his injuries have not been fairly heard by the district court because the court did not distinguish between his general injury of stress and anger and the distinct injury of witnessing unspeakable acts, and (2) the district court erred in denying him the opportunity to amend his complaint to allege the personal/individual status of the defendants.
 
 
 7
 In Seibert v. Oklahoma, 867 F.2d 591 (10th Cir.1989), we held that a 42 U.S.C. § 1983 action against state officials in their individual capacities was not barred by the Eleventh Amendment, inasmuch as such actions proceed on the theory that when the officials act unconstitutionally, they are stripped of their official or representative character and are thus subjected to the consequences of their conduct.
 
 
 8
 A cause of action accrues when a plaintiff learns of an injury for which he has a right to seek damages. United States v. Kubrick, 444 U.S. 111, 112 (1979). Here, Martinez' cause of action accrued when he suffered the emotional trauma and began receiving psychological treatment in 1980.
 
 
 9
 Under Wilson v. Garcia, 471 U.S. 261 (1985), the statute of limitations for § 1983 actions is three years. We agree with the district court's observation that "[a]lthough Plaintiff's claim occurred prior to the holding in Wilson, no conceivable statute of limitations would allow for ten years on a Section 1983 action." (R., Vol. I, Tab 23, p. 2). Martinez' claim that he did not know the full medical terminology of his injury or the severity of his injury until 1990 does not toll the limitations period. "The statute of limitations begins to run when the first injury, however slight, occurs, even though that injury may later become great or different." Free v. Granger, 887 F.2d 1552, 1555-56 (11th Cir.1989).
 
 
 10
 In Williams v. Borden, Inc., 637 F.2d 731, 734 (10th Cir.1980), we recognized the "discovery rule," i.e., that a claimant must bring his cause of action from the time he discovered or should have discovered, in the exercise of reasonable diligence, the fact and cause of his injury. Here, Martinez has attributed all of his injuries to the prison riot which occurred on February 2, 1980; however, he insists that although he sought and received psychological counseling and medications for the stress he suffered from the time of the riot, he "[d]id not know the severity or extent of [his] injuries until November, 1990 when [he] was told [his] injuries were permanent...." (R., Vol. I, Tab 1, p. 5). A plaintiff need not know the name of his injury or the full extent of that injury before the statute of limitations commences to run. He need only know the cause for those injuries. Martinez has received treatment for his riot-related injuries for over ten years. We concur in the district court's ruling that Martinez' motion to amend his complaint has been rendered moot because his cause of action is time-barred.
 
 
 11
 We AFFIRM.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3