Roy L. COFIELD, et al., Plaintiffs,

v.

RANDOLPH COUNTY COMMISSION,
et al., Defendants.

Civ. A. No. 93–D–612–E.

United States District Court,
M.D. Alabama, E.D.

Jan. 31, 1994.

Steven F. Schmitt, John Garland Smith, Tallassee, AL, Carolyn Casey, Heflin, AL, for plaintiffs.

William R. Chandler, Gerald C. Swann, Jr., Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

This matter is now before the court on defendants Danny Belyeu Chevrolet, Inc., Danny Belyeu, individually, and Scott Evans' motion to dismiss, or in the alternative, to transfer, filed June 7, 1993. The plaintiffs responded to that motion on August 27, 1993. Also, before the court is defendant Randolph County Commission's motion to dismiss and defendant Ricky Hancock's motion to dismiss, both of which were filed on June 4, 1993. The plaintiff responded to both of those motions on June 17, 1993 and filed a supplemental response in opposition to the motions on August 4, 1993. Defendant Ricky Hancock amended his motion to dismiss on November 12, 1993. The plaintiffs responded with a brief in opposition to defendant Ricky Hancock's amended motion to dismiss, which was filed on December 17, 1993. Lastly, defendant Ricky Hancock filed an additional brief in support of his motion on January 3, 1994.

### Facts

On July 14, 1992, Roy L. Cofield and his wife, Rita F. Cofield, purchased a 1992 Chevrolet Blazer from Danny Belyeu Chevrolet, Inc., which is located in Carrollton, Georgia. As payment for the new vehicle, the Cofields traded in a 1991 Mitsubishi Mirage, a 1975 Ford extended cab F–150 J pickup, and a Holiday Rambler camper, in addition to receiving financing from General Motors for the remaining $6,227.00 of the purchase price. The transaction was finalized on or about July 16, 1992. After the purchase was final, the Cofields returned to their home in Heflin, Alabama, with the new Blazer, having taken full ownership of the vehicle, subject to the security interest held by defendant Danny Belyeu Chevrolet, Inc. which was intended to later be assigned to General Motors Corporation.

According to the complaint, at approximately 8:30 during the evening of July 17, 1992, Randolph County Deputy Sheriff Ricky Hancock and Scott Evans rang the Cofield's doorbell and informed them that the Blazer was being repossessed because the Cofields had failed to make the last three payments.

As Hancock and Evans were informing the Cofields of what was transpiring, the Blazer was being driven off their property.

When the Cofields attempted to prevent the vehicle from being taken from their possession, Deputy Sheriff Hancock informed them that they "would be in trouble" if they tried to stop the repossession. In addition, Deputy Sheriff Hancock told the Cofields that he did not need any paperwork to repossess the Blazer and was not going to obtain any, since Hancock had seen papers indicating that the Cofields were in default of their obligation on the Blazer. In addition to taking the vehicle, the parties accomplishing the repossession did not allow the Cofields to remove their personal property within the Blazer. Included in these items was Mr. Cofield's wallet, $9,405 in cash, some personal radio equipment, insurance documents, and other paperwork relating to the Blazer.

The preceding facts are the circumstances from which this case arises. The defendants' respective motions to dismiss will be considered individually in the following discussion.

## Discussion

### I. Defendant Randolph County Commission's Motion to Dismiss

■ When considering a motion to dismiss for failure to state a claim, the Court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Assuming that the facts are true, a complaint may be dismissed under Fed. R.Civ.P. 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

The state law claims against the Randolph County Commission are based on the theory of respondeat superior. The plaintiffs seek to impose liability on the Commission for the alleged unconstitutional and tortious acts of Deputy Sheriff Ricky Hancock. For example, the plaintiffs argue in their brief that the

Commission has control over Deputy Sheriff Hancock and that he acts as their agent because the Commission pays Hancock's compensation. For the reasons set forth below, defendant Randolph County Commission's motion to dismiss is due to be granted.

■ The sheriff[1] and the deputy sheriffs of each county are employees of the state, not the county in which they perform their duties. Ala. Const., art. V, § 112. The sheriff is "the ultimate repository of county authority in establishing a personnel policy at the county jail." *Parker v. Williams*, 862 F.2d 1471, 1480 (11th Cir.1989). The sheriff and his deputies, as conveyed to them by the sheriff, have the exclusive authority in county government to "ferret out crime." Ala.Code 36–22–3(4) (1991). The sheriff's exclusive authority to "ferret out crime" also includes the duty to hire, fire, and train deputy sheriffs. *Carr v. City of Florence*, 916 F.2d 1521, 1525–1526.

■ Because sheriffs and their deputies are state officers not county employees, a county commission may not be held liable on the theory of respondeat superior. *Hereford v. Jefferson County*, 586 So.2d 209, 210 (1991). Because the sheriff has the exclusive authority to hire, fire, and train deputies, a county commission may not be held liable for failing to train a deputy sheriff. Furthermore, "the only statutory duty imposed on a county commission relating to the law enforcement function is a requirement that the commission furnish the necessary quarters, books, conveniences and equipment, including automobiles and necessary repairs,...." *Forehand v. Roberts*, No. 92–A–601–N, 1992 WL 554241 (M.D.Ala. Aug. 11, 1992) (Albritton, J.) (quoting Ala.Code 36–22–18 (1991). Thus, outside providing adequate facilities to the sheriff, they have no other statutory or common law duty to assist the sheriff in fulfilling his police function, unless the county commission chooses to participate as a partner with the sheriff in any function. *See*

---

1. The acts of deputy sheriffs are imputed to the sheriff, if done in the line and scope of duty as a deputy sheriff.

*Parker v. Williams,* 862 F.2d 1471 (11th Cir.1989).

Randolph County Commission had no duty to train or supervise Deputy Sheriff Ricky Hancock. The only theory asserted by the plaintiffs to impose liability on the Randolph County Commission was the theory of respondeat superior. The plaintiffs argue that under respondeat superior the Randolph County Commission should be held liable for Deputy Sheriff Hancock's actions since they pay his compensation and since this must make Hancock a agent of the county. Clearly, this is contrary to settled law. Because a county commission may not be held liable on the theory of respondeat superior for the acts of a sheriff or his deputies, the court finds that there is no ostensible way that the plaintiffs may prevail against the Randolph County Commission. Consequently, the Commission's motion to dismiss is due to be GRANTED.

## II. Defendants Danny Belyeu Chevrolet, Inc., Danny Belyeu, individually, and Scott Evans' Motion to Dismiss or Transfer

Defendants Danny Belyeu Chevrolet, Inc., Danny Belyeu, individually, and Scott Evans move the court to dismiss them as parties to this cause because they argue that the court lacks personal jurisdiction over them and that the court lacks subject matter jurisdiction over the claims being asserted against them by the plaintiffs. The plaintiffs allege the following causes of action against them: breach of contract, trespass, negligence or wantonness, conversion, outrage, and a violation of § 6–5–370 of the *Code of Alabama.* For the reasons set forth below, the defendants' motion to dismiss, or in the alternative, to transfer is due to be DENIED.

### A. *In Personam Jurisdiction*

■ First, Federal Rule of Civil Procedure 4(k)(1)(A) dictates the limits of a federal district court's jurisdiction over a person and states that:

(1) Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant

(A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or …

Fed.R.Civ.Proc. 4(k)(1)(A). Consequently, the determination of whether this court has in personam jurisdiction over the defendants Danny Belyeu Chevrolet, Inc., Danny Belyeu, individually, and Scott Evans is a matter of Alabama law.

The "long arm" statute for the state of Alabama is embodied in Alabama Rule of Civil Procedure 4.2. Rule 4.2 provides that an "[a]ppropriate basis exists for service of process outside of this state upon a person in any action within this state when … the person is a nonresident … and … [t]he person has sufficient contacts with this state…." Ala.R.Civ.Proc. 4.2(a)(1)(A)–(B). Rule 4.2(a)(2)(C) partially defines "sufficient contacts" as "[c]ausing tortious injury or damage by an act or omission in this state, including but not limited to actions arising out of the ownership, operation or use of a motor vehicle, aircraft, boat or watercraft in this state; …" Ala.R.Civ.Proc. 4.2(a)(2)(C). The court finds that sufficient contacts exist for personal jurisdiction under the Alabama statute since the defendants allegedly committed tortious acts in relation to the ownership of an automobile.[2]

In addition, in *Vermeulen v. Renault USA,* 975 F.2d 746 (11th Cir.1992), the Circuit Court for the Eleventh Circuit ruled that a district court had personal jurisdiction over a nonresident defendant only if, along with complying with the state's long-arm statute, "the exercise of jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment." *Vermeulen,* 975 F.2d at 753. Whether the exercise of specific jurisdiction comports with due process depends on the exercise of jurisdiction not "offend[ing] traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)).

---

**2.** The reach of Alabama's long-arm statute has been interpreted to be equal to that allowed by the United States Constitution. *Honn v. Effort Shipping Co.,* 777 F.Supp. 927 (S.D.Ala.1991).

Since the defendants have sufficient minimum contacts with this forum according to Alabama's long-arm statute and since the defendants cite neither cases nor facts as to why the court's exercise of in personam jurisdiction would "offend the traditional notions of fair play and substantial justice," the court finds that it has personal jurisdiction over defendants, Danny Belyeu Chevrolet, Inc., Danny Belyeu, individually, and Scott Evans.

### B. Subject Matter Jurisdiction

■ According to 28 U.S.C. § 1367, "... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...." 28 U.S.C.A. § 1367 (1993). In the present case, the court has original jurisdiction over the plaintiffs' claim which arises under § 1983. The court finds that the state law claims against defendants Danny Belyeu Chevrolet, Inc., Danny Belyeu, individually, and Scott Evans are so related to the § 1983 action over which the court has original jurisdiction that they are part of the same case or controversy. As a result, the court has subject matter jurisdiction over those state law claims.

The court finds that it properly has both in personam jurisdiction over the defendants and subject matter jurisdiction over the claims against defendants Danny Belyeu Chevrolet, Inc., Danny Belyeu, individually, and Scott Evans. Therefore, the defendants motion to dismiss, or in the alternative, to transfer is due to be DENIED.

### III. Defendant Sheriff Deputy Ricky Hancock's Motion to Dismiss

As noted earlier, when considering a motion to dismiss for failure to state a claim, the Court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Assuming that the facts are true, a complaint may be dismissed under Fed.R.Civ.P. 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

■ A federal court defining the role of a state official for purposes of determining liability under § 1983 must look to state law. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 484, 106 S.Ct. 1292, 1300–1301, 89 L.Ed.2d 452 (1986). As explained above, a sheriff or his deputies are state executive officers under the Constitution of the State of Alabama. Ala. Const., art. V, § 112. "Suits against these officials in their official capacities are effectively suits against the entity that those officials represent." *Free v. Granger,* 887 F.2d 1552, 1557 (11th Cir.1989). Consequently, in the present case, the § 1983 claim against Deputy Sheriff Hancock, as a state officer, makes the State of Alabama a real party in interest. *See Free,* 887 F.2d at 1557. (holding that a § 1983 action against a sheriff made the State of Alabama a real party in interest).

■ "The eleventh amendment to the Constitution of the United States prohibits a federal court form exercising jurisdiction over a lawsuit against a state, unless that state either consents to be sued or waives its immunity from such suit." *Id.* (citing *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 96–100, 104 S.Ct. 900, 906–907, 79 L.Ed.2d 67 (1984)). The State of Alabama, in the instant case, has neither consented to be sued nor has waived its Eleventh Amendment immunity. Thus, because of the mandates of the Eleventh Amendment, defendant Deputy Sheriff Ricky Hancock is due to be dismissed in his *official* capacity.

■ In regard to whether defendant Hancock may be held liable in his individual capacity, defendant Hancock asserts the defense of qualified immunity in his amended motion to dismiss. The existence of an affirmative defense, such as qualified immunity, will not generally support a 12(b)(6) motion. *Fortner v. Thomas,* 983 F.2d 1024, 1028 (11th Cir.1993). However, a district court may dismiss a complaint when the complaint contains allegations which will clearly support the defense on the face of the complaint.

*Fortner,* 983 F.2d at 1028 (quoting *Quiller v. Barclays American/Credit,* 727 F.2d 1067, 1069 (11th Cir.), *cert. denied,* 476 U.S. 1124, 106 S.Ct. 1992, 1993, 90 L.Ed.2d 673 (1986)).

A state actor is entitled to qualified immunity from civil damages as long as the official could reasonably believe that his or her conduct did not violate a clearly established constitutional right. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In the present case, defendant Deputy Sheriff Hancock, while clearly acting in his capacity as a deputy sheriff, participated in an alleged "repossession" of a vehicle without displaying to the plaintiffs a court order or any other official documentation supporting the appropriateness of his actions.[3] It is unclear to the court from the information submitted in the motion to dismiss whether Deputy Sheriff Hancock, acting as a reasonable person, would have believed that he did not violate the clearly established constitutional right not to be deprived of one's property without due process of law.

Because qualified immunity is rarely established upon a motion to dismiss and because insufficient information is contained in the complaint to establish the affirmative defense of qualified immunity, the court finds that Deputy Sheriff Hancock is not entitled to qualified immunity at this time. The court invites defendant Hancock to thoroughly brief this issue if he wishes to raise it on a motion for summary judgment. Therefore, at this time, the court finds that since defendant Deputy Sheriff Hancock is not entitled to qualified immunity, he may be held liable in his *individual* capacity.[4]

In conclusion, defendant Deputy Sheriff Hancock is due to be dismissed in his official capacity and is not due to be dismissed in his individual capacity. Thus, defendant Han-

cock's motion to dismiss is GRANTED in part and DENIED in part.

### Conclusion

In sum, it is CONSIDERED and ORDERED that defendant Randolph County Commission's motion to dismiss be and the same is hereby GRANTED. Secondly, it is CONSIDERED and ORDERED that defendants Danny Belyeu Chevrolet, Inc., Danny Belyeu, individually, and Scott Evans' motion to dismiss, or in the alternative, to transfer, be and the same is hereby DENIED. Lastly, it is CONSIDERED and ORDERED that defendant Ricky Hancock's motion to dismiss be and the same is hereby GRANTED in part and DENIED in part.

---

**3.** § 7–9–503 of the *Alabama Code* provides that: Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.... *Ala.Code* § 7–9–503 (1993).

**4.** If defendant Hancock is not entitled to qualified immunity, he may be held liable in his individual capacity for those acts done while he was acting in his official capacity as a deputy sheriff and for those acts while acting individually. *See Hafer v. Melo,* —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).