**Armando CHAVEZ, Plaintiff,**

v.

**CITY OF KEY WEST, Defendant.**

**No. 97–10105–CIV.**

United States District Court,
S.D. Florida.

April 30, 1998.

Armando Chavez, pro se.

Andrea Shaye Margalli, Key West, FL, for Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss, filed March 23, 1998. The Clerk informs the Court that Plaintiff has not filed a response.

Plaintiff filed a *pro se* Complaint in this Court on November 12, 1997, alleging that the Key West Police Department ("Department") and its agents severely beat Plaintiff while arresting him for a crime for which he was later acquitted. Plaintiff further contends that the police, acting under color of state law, deprived him of his constitutional rights in violation of 42 U.S.C. § 1983 and that the City of Key West ("Key West") has a policy, practice, and custom that resulted in his injuries.

### Legal Standard

Dismissal is justified only when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 810, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993) (quoting *McLain v. Real Estate Bd. of New Orleans, Inc.,* 444 U.S. 232, 246, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980)). For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993).

### Discussion

#### A. Eleventh Amendment Immunity

■ Key West asserts that it is entitled to immunity from being sued in Federal Court generally conferred on states pursuant to the Eleventh Amendment to the United States Constitution. "The bar of the Eleventh Amendment to suit in federal courts extends to states and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations." *Mt. Healthy City Sch. Dist. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (citations omitted). This Court must determine, therefore, whether Key West is an independent municipality not entitled to immunity or merely an arm of the State of Florida. Key West contends that because the Department enforces state criminal laws, Key West can be considered an arm of the state for Eleventh Amendment immunity purposes. However, merely enforcing state mandates or undertaking state projects is not dispositive of whether a city is entitled to Eleventh Amendment immunity.

■ The Eleventh Circuit has identified several factors to take into account when determining whether a government entity is an agent of the state: "how state law defines the entity; what degree of control the state maintains over the entity; where funds for the entity are derived; and who is responsible for judgment against the entity." *Tuveson v. Florida Governor's Council on Indian Affairs, Inc.,* 734 F.2d 730, 732 (11th Cir. 1984). It is well settled that the most important factor is whether the state will pay the prospective judgment out of the state treasury. *See Hess v. Port Authority Trans–Hudson Corp.,* 513 U.S. 30, 48, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994) ("Courts of Appeals have recognized the vulnerability of the State's purse as the most salient factor in Eleventh Amendment determinations."); *Free v. Granger,* 887 F.2d 1552, 1557 (11th Cir.1989) (finding suit against Sheriff barred "because any damage award would be paid out of the state treasury").

■ Turning to the first factor, article eight of the Florida Constitution governs the creation of local municipalities, providing:

(a) Establishment. Municipalities may be established or abolished and their charters amended pursuant to general or special law. When any municipality is abolished, provision shall be made for the protection of its creditors.

(b) Powers. Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law. Each municipal legislative body shall be elective.

Fla. Const. art. 8, § 1. This article provides that municipalities have independent purposes and functions from the State of Florida. Nothing in this provision allocates oversight or decisional power to the State of

Florida. The mere fact that the Florida Constitution authorizes the creation of Key West Constitution does not make it an arm of the state. *See Auer v. Robbins,* 519 U.S. 452, 117 S.Ct. 905, 908 n. 1, 137 L.Ed.2d 79 (1997) (although state statute created City Board of Police Commissioners and governor appointed members, "the City . . . is responsible for the Board's financial liabilities, and the Board is not subject to the State's direction or control. It is therefore not an 'arm of the State' for Eleventh Amendment purposes.") (citations omitted).

Turning to the second factor, the State of Florida has verbalized its desire for municipalities to remain independent. By repealing the state statutes governing municipalities, the State of Florida has expressly stated its intent to give municipalities independent "home rule":

> It is the legislative intent that the repeal by chapter 73–129 of [the municipalities sections] of Florida Statutes shall not be interpreted to limit or restrict the powers of municipal officials, but shall be interpreted as a recognition of constitutional powers. It is, further, the legislative intent to recognize residual constitutional home rule powers in municipal government, and the legislature finds that this can best be accomplished by the removal of legislative direction from the statutes. It is, further, the legislative intent that municipalities shall continue to exercise all powers heretofore conferred on municipalities by the chapters enumerated above, but shall exercise those powers at their own discretion, subject only to the terms and conditions which they choose to prescribe.

Fla. Stat. § 166.042(1).

Turning to the third and fourth factors, Key West has not averred that the State of Florida funds the city's general operations or its police operations and has not stated that the State of Florida is responsible for Key West's debts. In the absence of such information, the Court cannot find that Key West is an arm of the State of Florida. *See Sonnenfeld v. City & County of Denver,* 100 F.3d 744, 749 (10th Cir.1996) (finding no Eleventh Amendment immunity and observing that "Denver has not shown the degree of state funding it receives, either generally or for the [project at issue]. . . . Most important,

Denver has not shown that a judgment against it would be paid out of the state treasury.")

Key West urges the Court to abandon the multi-factor test adopted by the Eleventh Circuit, and instead adopt a "functional" test, whereby an entity is an arm of the state whenever it performs a state function. The Supreme Court has implicitly rejected just this type of reasoning. In *Hess,* 513 U.S. at 50, 115 S.Ct. 394, the Port–Authority contended that it was an arm of the state because it performed state functions, thus freeing state funds to be used for other projects. The Supreme Court opined:

> This reasoning misses the mark. A charitable organization may undertake rescue or other good work which, in its absence, we would expect the State to shoulder. But none would conclude, for example, that in times of flood or famine the American Red Cross, to the extent it works for the public, acquires the States' Eleventh Amendment immunity. . . . It would indeed heighten a mystery of legal evolution were we to spread an Eleventh Amendment cover over an agency that consumes no state revenues but contributes to the State's wealth.

*Id.* at 50 & 50 n. 21, 115 S.Ct. 394 (citations omitted). The Tenth Circuit has arrived at a similar conclusion, stating:

> Although Denver may be carrying out state policy in building an airport, under the factors set out in *Mt. Healthy* and *Ambus,* it did not thereby become the alter ego, arm or instrumentality of the state for purposes of the Eleventh Amendment. As a constitutionally created home rule city, Denver has a great deal of autonomy in local affairs.

*Sonnenfeld,* 100 F.3d at 749. The Court accordingly finds that in light of the factors set forth by the Supreme Court and the Eleventh Circuit, Key West has not shown that it is an arm of the state entitled to Eleventh Amendment immunity.

**B. Equitable Claims**

■ Key West asserts that Plaintiff's claims for declaratory and injunctive relief should be dismissed for lack of standing.

Key West is correct that Plaintiff may not seek to enjoin the Department from using excessive force based solely on his allegations that officers used excessive force against him in the past. The Supreme Court, in a case involving police choke holds, ruled:

> In order to establish an actual controversy in this case, [plaintiff] would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either, (1) that all police officers in Los Angeles always choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation or for questioning or, (2) that the City ordered or authorized police officers to act in such manner.

*City of Los Angeles v. Lyons,* 461 U.S. 95, 106, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). While Plaintiff alleges that he has suffered from the excessive use of force in the past and the Department has a custom, policy or practice of using excessive force, these allegations do not show an actual controversy. *See Tucker v. Phyfer,* 819 F.2d 1030, 1034 (11th Cir.1987) ("[A] plaintiff who has standing to bring a damages claim does not automatically have standing to litigate a claim for injunctive relief arising out of the same set of operative facts."). Plaintiff would have to allege that he is likely to have another encounter with Key West officers in which the officers would use excessive force. Plaintiff cannot easily make such an allegation given his status of being incarcerated in Raiford, Florida. The Eleventh Circuit has applied the holding of *Lyons* to suits for declaratory relief. *See Emory v. Peeler,* 756 F.2d 1547, 1552 (11th Cir.1985); *Dudley v. Stewart,* 724 F.2d 1493, 1494 (11th Cir.1984). Consequently, Plaintiff's claims for declaratory and injunctive relief must be dismissed for lack of actual controversy.

### Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully informed, it is

ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss be, and the same is hereby, GRANTED in part and DENIED in part. Plaintiff's claims for declaratory and injunctive relief be, and the same are hereby, DISMISSED. Plaintiff's claims for damages are still pending.