[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 616 
Stephanie K. Robbins sued her former husband, Howard R. Robbins, and Elan, Inc., a closely held Tennessee corporation, in the Circuit Court of Baldwin County, alleging fraud. Mrs. Robbins alleged, among other things, that Mr. Robbins had fraudulently induced her to convey four parcels of real property located in Baldwin County (hereinafter referred to as "the Baldwin property") to Elan, Inc. Mrs. Robbins subsequently moved for a temporary restraining order to freeze Elan's corporate assets and Mr. Robbins's personal assets. Jeanette Martin, Elan's majority stockholder and a resident of Mississippi, testified at the hearing on this motion. After the hearing, Martin sued Mr. Robbins in the Chancery Court of Shelby County, Tennessee, alleging that he had misused corporate assets and seeking to dissolve Elan, Inc.
Mrs. Robbins thereafter filed a lis pendens notice in the Probate Court of Baldwin County, to give notice that the Baldwin property was subject to litigation in Alabama. Martin also filed a lis pendens notice in the Probate Court of Baldwin County, declaring that the Baldwin property was subject to litigation in Tennessee; that the property was owned in part by Elan; and that Mr. Robbins was not authorized to sell it.
Mr. Robbins subsequently counterclaimed against Mrs. Robbins and "cross-claimed" against Martin, alleging fraud, conspiracy, and collusion and alleging that Martin and Mrs. Robbins had conspired to deprive him of assets and property rights by filing the lis pendens notices and attempting to freeze his personal and corporate assets.[1] Among other things, Mr. Robbins sought compensatory damages and sought punitive damages of $2,000,000 against Martin.
Mr. Robbins attempted service on Martin by certified mail, and then by regular mail; Martin refused both attempts at service and this fact was duly noted on the court's case action summary sheet. The trial court adjudicated Mrs. Robbins's claims upon the merits and, on Mr. Robbins's motion, entered a default judgment against Martin, awarding him damages of $2,000,000. Martin moved to set aside the default judgment, and the trial court denied her motion. Martin appeals.
Martin first argues that she did not have sufficient contacts with the State of Alabama to establish a basis for service of process and that the default judgment must *Page 617 
therefore be set aside for lack of notice. Alabama's long-arm rule, Rule 4.2(a)(2)(I), A.R.Civ.P., extends the jurisdiction of this state's courts to the permissible limits of due process. Ex parte Paul Maclean Land Services, Inc.,613 So.2d 1284 (Ala. 1993). In personam jurisdiction is established if a person has such contacts with this state that, under the circumstances, it is fair and reasonable to require the individual to come into the state to defend an action. Rule 4.2(a)(2)(I), A.R.Civ.P. Whether a party has sufficient contacts with this state — such contacts that the maintenance of an action in Alabama against that party does not offend concepts of reasonableness and fair play — in determined according to the facts of the party's particular case. Ex partePaul Maclean Land Services, Inc.
The facts of this case are as follows: Martin, Mr. Robbins, and Mr. Robbins's son-in-law formed Elan, Inc., a Tennessee-based real estate development corporation, in 1991. At that time, the Robbinses were divorced and Mrs. Robbins was experiencing serious financial trouble. Mr. Robbins agreed to satisfy her many debts, assume the mortgage on what had been their marital residence, and pay her additional cash from Elan's corporate funds; in return, Mrs. Robbins agreed to convey her interest in the Baldwin property, which included the marital residence, to Elan. Mr. Robbins wrote to Martin, outlining his agreement with Mrs. Robbins and seeking Martin's approval of the deal. The agreement was reduced to writing, and Martin signed it in her capacity as majority shareholder of Elan, thus authorizing the use of corporate funds to pay off Mrs. Robbins's Alabama debts and to purchase the Baldwin property. After Mrs. Robbins sued her former husband, alleging fraud arising from this agreement, Martin contacted Mrs. Robbins in Alabama on several occasions to discuss the facts of the case. When she appeared in Alabama at the hearing on Mrs. Robbins's motion for a temporary restraining order, Martin testified at length as to her involvement in Elan and her role in approving the Baldwin property conveyance. Martin's testimony, the lis pendens notice she filed against the Alabama property, and her conversations with Mrs. Robbins were the basis of Mr. Robbins's claim against Martin alleging conspiracy and collusion.
Under the circumstances, Martin could have "reasonably anticipated that the effects of her actions would be felt by the plaintiff in Alabama," Baker v. Bennett, 603 So.2d 928
(Ala. 1992); thus, we hold that Martin had sufficient contacts to establish the trial court's in personam jurisdiction over her.
We note that, under Rule 4(e), A.R.Civ.P, if service of process is refused and the certified mail receipt or the return of the person serving process states that the service has been refused, the clerk of the court shall send a copy of the document to be served to the defendant at the address set forth in the document; service shall be deemed complete when the fact of mailing is entered of record. Rule 4(e), A.R.Civ.P. The record shows that Mr. Robbins complied with the requirements of Rule 4(e); thus, service of process was completed in this case.
Martin next argues that the trial court erred in denying her motion to set aside the default judgment. Whether to grant or deny a motion to set aside a default judgment is discretionary with the trial court, and its ruling will be reversed only for an abuse of discretion. Baker v. Jones,614 So.2d 450 (Ala. 1993). One moving to set aside a default judgment must first produce evidence of a meritorious defense; that evidence must indicate that the case could be decided differently if tried on the merits and, thus, justify reopening the case so that justice can be done. Kirtland v. Fort MorganAuthority Sewer Service, Inc., 524 So.2d 600, 605 (Ala. 1988). A defaulting party has satisfactorily made a showing of a meritorious defense if the allegations in an answer or in a motion and its supporting affidavits, if proven at trial, would constitute a complete defense to the claims against the defaulting party or if sufficient evidence has been adduced either by affidavit or by some other means to warrant submitting the case to the jury. Kirtland, at 605-06. The allegations set forth to establish the defense must be more than bare legal assertions; they must counter the allegations in the complaint with *Page 618 
specific legal grounds substantiated by a basis of credible fact. Kirtland, at 605-06.
In a pleading styled "Special Appearance of Jeanette Martin to Contest Jurisdiction and to Move to Set Aside or Vacate Default Judgment Pursuant to Rule 55(c) [Ala.R.Civ.P.] and/or Rule 60," Martin raised two defenses to Mr. Robbins's claim. First, Martin stated that she personally believed that she did not have sufficient contacts to establish the trial court's in personam jurisdiction over her. Martin offered no affidavits or other supporting evidence to substantiate this bare assertion, and that assertion therefore does not qualify as a meritorious defense under Kirtland. As a second defense, Martin argued that Mr. Robbins's claims against her arose out of the same facts alleged in her Tennessee action against him and that his claims should have been brought as compulsory counterclaims in the Tennessee action. Martin argued that, based on the doctrine of comity, the Alabama trial court should dismiss Mr. Robbins's claim and direct him to file his claims in Tennessee.
The doctrine of comity is nothing more than a principle of courtesy by which the courts of one jurisdiction will give effect to the laws and judicial decisions of another jurisdiction merely out of deference and respect. State ex rel.Speer v. Haynes, 392 So.2d 1183 (Ala.Civ.App. 1979). Comity in no way requires a trial court to dismiss a valid claim brought before it in deference to the jurisdiction of a foreign court; thus, Martin's argument on this point would not constitute a meritorious defense to Mr. Robbins's claims against her. Because Martin failed to meet the meritorious defense element of Kirtland, the trial court's denial of her motion to set aside the default judgment did not amount to an abuse of discretion.
Martin next argues that the default judgment was invalid because the trial court entered an award of $2,000,000 in damages without a hearing on the actual harm or loss suffered. Rule 55(b)(2), Ala.R.Civ.P., provides:
 "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages . . ., the court may conduct such hearings . . . as it deems necessary and proper. . . ."
The rule does not require a court to conduct an evidentiary hearing on the issue of damages; thus, the court's failure to do so does not render the default judgment void. We emphasize, however, that the discretion bestowed by the rule is not so great as to obviate the need for any sort of inquiry into the amount of damages where the claim is not for a sum certain or a sum capable of being made certain by computation. J P Constr.Co. v. Valta Constr. Co., 452 So.2d 857 (Ala. 1984).
In this case, Mr. Robbins sought an unspecified amount of compensatory damages and $2,000,000 in punitive damages. Without a hearing on the issue, the court awarded Mr. Robbins $2,000,000 as though the amount of damages to which Mr. Robbins was entitled was a sum certain. Mr. Robbins argues that he presented evidence on the question of damages during the trial on the merits of Mrs. Robbins's claims and that that evidence supports the trial court's $2,000,000 damages award against Martin. After reviewing the record, we are convinced that the court could not have awarded $2,000,000 on the evidence that Mr. Robbins presented at that trial.
We affirm the judgment insofar as it imposes liability on Martin, but we reverse as to the amount awarded. The case is remanded for an evidentiary hearing on the amount of damages.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.
[1] Mr. Robbins styled his claim against Martin as a cross-claim, although Martin had not previously been a defendant in the case. The trial court apparently treated this as a claim brought by Mr. Robbins as a third-party plaintiff, pursuant to Rule 14, A.R.Civ.P. *Page 619