David MARBURY, Plaintiff,

v.

AMERICAN TRUETZSCHLER, et al., Defendants.

No. CIV.A.99–D–1007–N.

United States District Court, M.D. Alabama, Northern Division.

Aug. 16, 2000.

---

Jere L. Beasley, Kendall C. Dunson, Jon Cole Portis, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, John Percy Oliver, II, Oliver & Sims, Dadeville, AL, for Plaintiff.

William H. Brittain, II, Ball, Ball, Matthews & Novak, P.A., Montgomery, AL, ennifer Marie Buettner, Rives & Peterson, Birmingham, AL, James B. Carlson, Sirote & Permutt, P.C., Birmingham, AL, William H. Hart, Hary Buckley & Wallace, PC, Dallas TX, Champ Lyons, III, Ferguson, Frost & Dodson, Birmingham, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant Temafa GmbH's ("Defendant Temafa") Motion To Dismiss For Lack Of In Personam Jurisdiction ("Motion"), filed November 2, 1999. On November 23, 1999, Plaintiff David Marbury ("Plaintiff") filed an Opposition To Defendant's Motion, which the court construes as a Response ("Resp."). Defendant Temafa then filed a Reply To Plaintiff's Opposition ("Reply") on December 6, 1999. Based upon a careful and thorough review of the pleadings, arguments and relevant law, the court finds that Defendant Temafa's Motion is due to be denied.

## I. MOTION TO DISMISS STANDARD

When a district court does not hold an evidentiary hearing on a threshold jurisdiction issue, as here, a plaintiff need only establish a prima facie case of jurisdiction. *See Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990); *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir.1988); *Delong v. Washington Mills,* 840 F.2d 843, 845 (11th Cir.1988). A prima facie case is established if the plaintiff presents evidence sufficient to defeat a motion for a directed verdict. *See Morris,* 843 F.2d at 492. In determining if the plaintiff has made a sufficient showing, the court must

take all uncontested allegations of the complaint as true. *See id.* Where the parties' affidavits conflict, the court must construe all reasonable inferences in favor of the plaintiff. *Id.*

## II. BACKGROUND

Plaintiff commenced this products-liability action against American Truetzschler Corp., a North Carolina company, and Temafa Gmbh, a German company (collectively "Defendants"). Plaintiff alleges that he was seriously injured by a machine that Defendant Temafa defectively designed and manufactured. Plaintiff's action is based upon state law claims of negligence, wantoness and the Alabama Extended Manufacturer's Liability Doctrine. On September 9, 1999, Defendants removed this action to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441. Subsequently, Defendant Temafa filed its Motion To Dismiss alleging that the court cannot assert jurisdiction over its person because Defendant Temafa lacks the necessary minimum contacts with the state of Alabama.

## III. DISCUSSION

To determine whether personal jurisdiction exists, the court must look at the applicable state long-arm statute and the federal due process requirements. *See Cronin v. Washington Nat'l Ins. Co.,* 980 F.2d 663, 670 (11th Cir.1993) (citing *Pesaplastic C.A. v. Cincinnati Milacron Co.,* 750 F.2d 1516, 1521 (11th Cir.1985)). Federal courts are "bound by state law concerning the amenability of a person or

corporation to suit, so long as state law does not exceed the limitations imposed by the Due Process Clause of the Fourteenth Amendment." *Pesaplastic,* 750 F.2d at 1521 (quoting *Washington v. Norton Manufacturing, Inc.,* 588 F.2d 441, 444 (5th Cir.1979)).[1]

Alabama's long-arm statute permits personal jurisdiction, predicated on minimum contacts, to the extent allowed by the United States Constitution.[2] *See Martin v. Robbins,* 628 So.2d 614, 617 (Ala.1993) (noting the state's long-arm extends the jurisdiction of Alabama's courts to the permissible bounds of due process). "When the courts of the forum State have interpreted the forum's long-arm statute to confer jurisdiction to the limits allowed by federal due process, state law need not be applied: [the court] need only ask whether the exercise of jurisdiction over the non-resident defendant comports with due process." *Vermeulen v. Renault U.S.A., Inc.,* 975 F.2d 746, 753 (11th Cir.1992) (citing *Olivier v. Merritt Dredging Co., Inc.,* 954 F.2d 1553, 1557 (11th Cir.1992)).

■ The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he or she has established no meaningful "contacts, ties or relations." *International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Due Process Clause analysis entails a two-tier inquiry. *See Cronin,* 980 F.2d at 670; *see also Vermeulen,* 975 F.2d at 754. First, the court must determine whether the defendant has sufficient minimum contacts with the forum state. *Id.*

---

1. The Eleventh Circuit Court of Appeals has adopted as precedent the decisions of the former Fifth Circuit rendered before October 1, 1981. *See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc).

2. Rule 4.2 of the Alabama Rules of Civil Procedure provides in relevant part:
   (2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's:

. . . .
   (I) ... having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend the action. The minimum contacts referred to ... shall be deemed sufficient ... so long as the prosecution of the action against a person in this state is not inconsistent with the ... Constitution of the United States. ALA.R.CIV.P. 4.2(a)(2).

**1284**

Second, the court must consider whether the exercise of personal jurisdiction over the defendant would offend "traditional notions of fair play and substantial justice." *Madara,* 916 F.2d at 1515–16 (quoting *International Shoe Co.,* 326 U.S. at 316, 66 S.Ct. 154). Essentially, the test is designed to ensure that a defendant has fair warning that a particular activity may bring it within the jurisdictional grasp of a foreign sovereign. *Vermeulen,* 975 F.2d at 754. For the reasons to follow, the court finds that, first, Defendant Temafa has sufficient contacts with Alabama and, second, that the assertion of jurisdiction over Defendant Temafa comports with the requirements of due process.

**A. Minimum Contacts**

Whether the minimum contacts inquiry is satisfied depends on whether the asserted personal jurisdiction is specific or general. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 nn. 8 & 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). General jurisdiction exists where a party has such frequent and regular contacts with the forum state that jurisdiction is proper even though the party's contacts are unrelated to the cause of action. *See id.* at 414 n. 9, 104 S.Ct. 1868. Specific jurisdiction exists where a party's contacts with the forum are related to the litigation. *Id.* In the instant case, the court finds that specific jurisdiction allows this court to exercise jurisdiction over Defendant Temafa.

■ For specific jurisdiction, a defendant's contacts with the forum state must satisfy three requirements:

First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve 'some act whereby the defendant purposely avails itself of the privilege of conducting activities within the forum ..., thus invoking the benefits and protections of its laws.' Third, the defendant's contacts with the forum must be 'such that [the defendant] could reasonably anticipate being haled into court there.'

*Vermeulen,* 985 F.2d at 1546 (citations omitted). Here, the court finds that Defendant Temafa's contacts with Alabama satisfy these requirements.

1. The relationship between Defendant Temafa's contacts and Plaintiff's cause of action.

■ The court finds that Defendant Temafa had contacts with Alabama related to Plaintiff's cause of action. Specifically, Defendant Temafa had indirect contact with Alabama via its agents in the United States. During the mid to late 1980s, American Truetzschler was Defendant Temafa's first agent in the United States.[3] Defendant Temafa trained American Truetzschler on the methods of installing and repairing Temafa machines and American Truetzschler sold, installed, and repaired Defendant Temafa's machinery in the United States. An American Truetzschler employee delivered and installed the Temafa machine in the Russell plant in Alabama. American Truetzschler employees continued to service Temafa machines in Alabama until the agency relationship between Defendant Temafa and American

**3.** Defendant Temafa claims that American Truetzschler was not its agent, but merely a "conduit." (Reply at 4.) As merely a "conduit," Defendant Temafa argues that its relationship with American Truetzschler is not enough to establish contact with Alabama. Defendant bases its argument on the fact that there was no formal agreement between the two. The court disagrees. Absent a writing or other formal agreement, there can be implied agency, the existence of which is proven by inferences and deductions taken from the words and actions of the parties. *See Fisher v. Comer Plantation, Inc.,* 2000 WL 641114, at *9 (Ala. May 19, 2000). Moreover, an agency relationship is said to exist if the potential principal held out the potential agent to third parties as having authority to act. *See McGrady v. Nissan Motor Acceptance Corp.,* 40 F.Supp.2d 1323, 1330–31 (M.D.Ala.1998). Based on the actions of Defendant Temafa and American Truetzschler, the court finds that it can infer the existence of an agency relationship.

Truetzschler was terminated in the late 1980s.

After the agency relationship with American Truetzschler ended because American Truetzschler was representing other manufacturers of machines similar to Defendant Temafa's machines, Defendant Temafa continued to have contact with Alabama through its new agent, Louis P. Batson Company ("Batson"). Defendant Temafa trained Batson technicians and Batson offered support, in the form of selling equipment, replacing parts, providing technical advice and assistance, etc., for Temafa machines in Alabama.

In addition to contact through its agents, Defendant Temafa had direct contact with Alabama when its representatives visited a Russell plant in Alabama to inspect a Temafa machine and discuss safety improvements. At a meeting at the Russell plant in Alexander City, Alabama, Defendant Temafa proposed suggestions to ensure the Temafa machine in Alexander City was safer. Russell also suggested safety measures for the Temafa machine, which Defendant Temafa implemented on its later models. Defendant Temafa's contacts with the state of Alabama, in person and through its agents, have involved Temafa machines and Russell, which is where Plaintiff was employed and where the accident occurred. Thus, the court finds that Defendant Temafa's contacts are closely related to the Plaintiff's cause of action. Therefore, the first requirement of minimum contacts for specific jurisdiction is satisfied.

2. Defendant Temafa has purposefully availed itself to the forum state.

The court finds that Defendant Temafa has purposefully availed itself to the privilege of conducting activities in Alabama. In making this determination, the Supreme Court's analysis of purposeful availment in *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), is instructive. In *Asahi,* the issue was whether the state of California could assert personal jurisdiction over Asahi, a Japanese tire-valve manufacturer, in an action for indemnification brought by Cheng Shin, a Taiwanese tire manufacturer, in a court in California. While a majority of the Court held that the exercise of jurisdiction was not proper because it did not comport with the "fair play and substantial justice" requirement of due process, the Court was divided as to whether the minimum contacts requirement was satisfied. *Morris,* 843 F.2d at 492. Justice O'Connor, joined by three justices, set forth the most restrictive test for minimum contacts analysis. *See Vermeulen,* 985 F.2d at 1547–48; *Morris,* 843 F.2d 489, 493 & n. 5 (11th Cir.1988)(noting that if personal jurisdiction exists under the O'Conner test, it will necessarily exist under the broader Stevens and Brennan tests).

Defendant Temafa correctly states Justice O'Conner's conclusion that mere "placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi,* 480 U.S. at 112, 107 S.Ct. 1026. However, Justice O'Conner went on to indicate that additional conduct, which indicates an intent to serve the forum, would constitute purposeful availment. *See id.* Examples of additional conduct include, but are not limited to: (1) designing the product for the market in the forum state; (2) advertising in the state; (3) establishing channels for providing regular advice to customers in the state; and (4) marketing the product through a distributor who has agreed to serve as a sales agent in the state. *See id.* Any one factor, in addition to the placement of a product into the stream of commerce, is indicative of an intent to serve the forum state. Here, the court finds that Defendant Temafa has met two of the four factors.

First, the court finds that Defendant Temafa has designed a product for Alabama. *See Morris,* 843 F.2d at 494. In *Morris,* the Eleventh Circuit, applying the four factors, *supra,* indicated that repair of

a device is analogous to designing a device for the forum state. *Id.* In this case, Defendant Temafa sent representatives to Alabama to inspect a Temafa machine, to attend safety meetings concerning prior accidents involving a Temafa machine, and to discuss the design of new safety switches for Temafa's machines. Defendant Temafa subsequently designed safety equipment for Russell machines in Alabama. Applying the reasoning in *Morris,* Defendant Temafa's design of new safety equipment for Temafa machines in Alabama is analogous to designing a product for Alabama. Hence, Defendant Temafa has satisfied one of the additional conduct factors, which evidences Defendant Temafa's intent to serve Alabama.

Second, the court finds Defendant Temafa has established channels for providing regular advice to customers in Alabama. Defendant Temafa, through its agents, American Truetzschler and Batson, regularly provided maintenance advice, repair and/or replacement parts, company trained service personnel, and specific safety advice regarding the subject equipment. Thus, there is sufficient additional conduct for this court to determine that Defendant Temafa purposefully availed itself to Alabama.[4]

3. Defendant could reasonably anticipate being haled into court in the forum state.

The court finds that the third requirement for establishing minimum contacts for specific jurisdiction is satisfied. Even if Defendant Temafa, itself, did not ship its machine into Alabama, Defendant Temafa's contacts are still such that it should

have reasonably anticipated being haled into court in Alabama. After learning of injuries to several people at Russell, Defendant Temafa designed new safety equipment for machines in Alabama. The court finds that Defendant Temafa should have anticipated that, if the new safety designs were not sufficient to eliminate the dangerous condition, it could be sued in Alabama. Furthermore, after the safety meeting in Alabama, evidence indicates that Defendant Temafa actually contemplated that there would be legal action by Russell,[5] which would inevitably commence in Alabama. Thus, Defendant Temafa's contacts were such that it should have reasonably anticipated being haled into court in Alabama.

### B. Fair Play and Substantial Justice

■ Provided that minimum contacts are satisfied, a court may assert jurisdiction over a foreign defendant so long as such action does not offend traditional notions of fair play and substantial justice. *See Asahi,* 480 U.S. at 113, 107 S.Ct. 1026. The factors entering into a court's analysis of fairness include, among others, the burden imposed on the defendant, the interests of the forum in deciding the case therein, and the plaintiff's interest in obtaining relief. *Id.* The court is aware that "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id.* at 114, 107 S.Ct. 1026. However, "[w]hen minimum contacts have been established, often the in-

4. The Court notes that Defendant Temafa may also have marketed its product through a distributor, namely American Truetzschler, thus, satisfying another factor in Justice O'Conner's additional conduct test. However, Defendant Temafa claims that American Truetzschler only received calls from customers interested in purchasing Defendant Temafa's machines and then contacted Defendant with the orders. In other words, Defendant Temafa claims that there was no "marketing" involved. Since other factors are satisfied,

analysis of Defendant Temafa's argument on this point is unnecessary.

5. In a letter to American Truetzschler, dated May 19, 1994, Defendant Temafa indicated, with respect to prior accidents involving the same machinery at issue in this case, "presently Russell is not considering any legal action!" and further stated, with regard to safety modifications, "Temafa remains fully liable for this!"

terests of the plaintiff and the forum will justify even the serious burdens placed on the alien defendant." *Id.*

The court finds that the exercise of personal jurisdiction over Defendant Temafa does not offend the traditional notions of fair play and substantial justice. Unlike *Asahi*, this is not a case of a foreign corporation seeking indemnification. Here, Plaintiff is an Alabama citizen seeking relief for personal injuries sustained in an incident involving Defendant Temafa's allegedly defective machine. Accordingly, Plaintiff has a manifest interest in having his case adjudicated in Alabama. *See Vermeulen*, 985 F.2d at 1551.

Moreover, Alabama has "a compelling interest in protecting persons within its borders from unsafe products that find their way into the" state. *Id.* California did not have the same compelling interest in the indemnification action in *Ashai.* Here, the court finds that Alabama's interest weighs in favor of asserting jurisdiction.

Finally, efficiency may be considered in analyzing fair play and substantial justice. *See Vermeulen*, 985 F.2d at 1552. In the instant case, efficiency interests favor adjudication in Alabama. Although Defendant Temafa's witnesses concerning manufacture and design of the Temafa machine are in Germany, the accident at issue occurred in Alabama and the witnesses to the accident live in and around Alabama. *See id.* Furthermore, if Defendant Temafa is dismissed, it "would not end the litigation, but would merely splinter it," forcing Plaintiff to proceed against other defendants in Alabama, while forcing Plaintiff to proceed against Defendant Temafa, if at all, in Germany. *Id.* Accordingly, the most efficient resolution of this case requires jurisdiction be asserted over Defendant Temafa. *Id.*

In light of the interests of Plaintiff and the forum in the exercise of jurisdiction over Defendants, as well as, the efficiency of adjudicating this action in Alabama, this court finds that jurisdiction over Defendant Temafa comports with traditional no-tions of fair play and substantial justice. Because the assertion of jurisdiction over Defendant Temafa comports with due process and does not offend traditional notions of fair play and substantial justice, this court may properly assert jurisdiction over Defendant Temafa.

## IV. ORDER

Accordingly, it is CONSIDERED and ORDERED that Defendant Temafa's Motion To Dismiss For Lack Of In Personam Jurisdiction be and the same is hereby DENIED.

A Uniform Scheduling Order is being entered contemporaneously herewith.