**William David BERRY, Plaintiff,**

v.

**Timothy S. SALTER, et al., Defendants.**

**No. CIV.A. 01–D–383–N.**

United States District Court, M.D. Alabama, Northern Division.

Oct. 18, 2001.

William P. Sawyer, Turner, Wilson & Sawyer, Wayne Paulk Turner, Turner, Wilson & Sawyer, Montgomery, AL, for Plaintiff.

Ronald R. Coleman, Jr., Dennis Corry & Porter, LLP, Atlanta, GA, William Claude McGowin, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, AL, Stephanie Coll-

ings Patel, Dennis Corry & Porter, LLP, Atlanta, GA, for Defendants.

Glens Falls Ins. Co., c/o Nathaniel Shapo, Director of Insurance, Springfield, IL, Pro se.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court are three Motions To Dismiss ("Motions") For Lack Of Personal Jurisdiction, filed by Defendants Timothy S. Salter ("Salter"), Ellis J. Miness ("Miness"), and A.C. White Transfer and Storage Company, Inc. ("A.C.White") (collectively, "Movants"). The Motions of Salter and Miness were filed on July 30, 2001, and the Motion of A.C. White was filed on August 31, 2001. Plaintiff William David Berry ("Berry") filed a Response on September 28, 2001. After careful consideration of the arguments of the parties, the relevant law, and the record as a whole, the court finds that the Motions are due to be denied as moot and that this action is due to be transferred to the Middle District of Georgia.

## I. JURISDICTION AND VENUE

The court has subject matter jurisdiction over this case based on 28 U.S.C. § 1332 (diversity of citizenship). Venue is not contested.

1. Compl., ¶ 4.

2. A.C. White's Answers to Pl. First Interrogs., ¶ 16.

3. A.C. White Answer, ¶¶ 17–18, 20, 23–24; United Answer, ¶¶ 17–18, 20, 23–24.

4. *Id.*, ¶ 20.

5. *Id.*

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed a Complaint on April 3, 2001, generally alleging that on April 7, 1999, Salter's negligence caused an automobile accident between Salter's tractor-trailer and Plaintiff's automobile, on I–76 at or near the Exit 44 southbound entrance ramp at or near the Peach/Houston county line in the state of Georgia.[1] The tractor driven by Salter was owned by Miness, and the trailer belonged to United Van Lines, L.L.C. ("United").[2] The tractor was leased to A.C. White at the time of the accident, but Salter was operating it under the exclusive direction and control of United.[3] At the time of the accident, Salter was delivering a loaded trailer from Atlanta, Georgia to Orlando, Florida.[4] Plaintiff alleges that, at the time of the accident, Salter was the agent, servant, or employee of Miness, A.C. White, and United, and was acting within the line and scope of his employment.[5] Plaintiff specifically charged Salter, Miness, A.C. White, and United with negligence [6] and wantonness; [7] and Miness, A.C. White, and United with negligent hiring.[8] Plaintiff joined Vanliner Insurance Company ("Vanliner") and Glens Falls Insurance Company ("Glens Falls"), as Defendants, based on Ga.Code Ann. § 46–7–12(e),[9] which provides for direct actions against insurance providers in certain situations. Plaintiff also charged Miness and A.C. White with liability for Salter's acts and/or omissions pursuant to the doctrine of respondeat superior.[10] Finally, Plaintiff charged United

6. *Id.*, Count 1 (unnumbered paragraph after ¶ 4).

7. *Id.*, ¶¶ 6–7.

8. *Id.*, ¶¶ 14–15.

9. *Id.*, ¶¶ 8–13.

10. *Id.*, ¶¶ 16–21.

with liability for Salter's alleged negligent acts and/or omissions,[11] pursuant to Ga. Code Ann. § 46–7–12, regarding motor carrier bond and insurance.

On July 20, 2001, Vanliner filed a Motion For Summary Judgment, which was granted in the court's Order dated September 5, 2001.

On August, 31, 2001, Plaintiff filed a request for an extension of time to respond to the Motions filed by Movants.[12] The request was granted until October 1, 2001, in order to allow Plaintiff time to perform discovery to determine whether the court has personal jurisdiction over Movants.

Plaintiff's Response alleges that the court can exercise personal jurisdiction over Movants. However, Plaintiff's Response is not clear on how the court can do so. Apparently, Plaintiff asserts that A.C. White has a contract with United, a defendant that does not contest personal jurisdiction, and Salter and Miness have contracts with A.C. White. Therefore, claims Plaintiff, "[a]ll of the defendants are as one," and, according to the only authority cited by Plaintiff, Article I to Appendix A of the Federal Rules of Civil Procedure, the court has personal jurisdiction over Movants. The content that Plaintiff claims is in Article I, Appendix A of the Federal Rules of Civil Procedure is similar to that of Rule 4.2 of the Alabama Rules of Civil Procedure (Alabama's Long–Arm Statute). Rule 4.2 provides that an

[a]ppropriate basis exists for service of process outside of this state upon a person in any action in this state when: ... the person has sufficient contacts with this state so that the prosecution of the action against the person in this state is not inconsistent with the constitution of this state or the Constitution of the

United States.... A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's (A) transacting any business in this state; (B) contracting to supply services or goods in this state; (C) causing tortious injury or damage by an act or omission in this state including but not limited to actions arising out of the ownership, operation or use of a motor vehicle ... in this state; ....

Ala. R. Civ. P. 4.2(a)(2)(A)-(C).

### III. STANDARD FOR MOTION TO DISMISS

When a motion to dismiss for lack of personal jurisdiction has been filed, and substantial opportunity for discovery of jurisdictional facts has been provided, as in this case,

[t]he burden of "proof" on the question of personal jurisdiction lies with the plaintiff. Plaintiff may rest on jurisdictional allegations in the complaint unless the defendant controverts those allegations with a factual showing. In that event, the plaintiff has the burden of going forward with sufficient factual evidence to establish a prima facie showing of the jurisdictional allegations.

*General Elec. Credit Corp. v. Scott's Furniture Warehouse Showroom, Inc.*, 699 F.Supp. 907, 910 (N.D.Ga.1988). Uncontroverted factual allegations in the complaint must be taken as true. *Id.* However, when allegations in the complaint have been controverted by evidence such as affidavits, the plaintiff must present more than conclusory statements, unsupported

---

**11.** *Id.,* ¶¶ 22–24.

**12.** Pl.'s Resp. To Dismiss For Lack Of Personal Jurisdiction And Request For Additional Time To Respond.

by evidence, to establish personal jurisdiction. *Id.*

## IV. DISCUSSION

■ When a federal court exercises subject matter jurisdiction based on diversity of citizenship, the personal jurisdiction analysis is the same as that of the state court in which the federal court resides. *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355 (11th Cir.2000). Ordinarily, the court must look at both the applicable state long-arm statute and the federal due process requirements, to determine if personal jurisdiction exists over defendants. *Marbury v. Am. Truetzschler*, 111 F.Supp.2d 1281, 1283 (M.D.Ala.2000). However, Alabama's long-arm statute allows exercise of personal jurisdiction over nonresidents to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment of the Constitution. *Ruiz de Molina*, 207 F.3d at 1355–56 (citing Ala. R. Civ. P. 4.2(a)(2)(1); *Martin v. Robbins*, 628 So.2d 614, 617 (Ala.1993); *Horn v. Effort Shipping Co.*, 777 F.Supp. 927, 929 (S.D.Ala. 1991)). Therefore, the court need not address Plaintiff's arguments relating to Rule 4.2(a)(2)(A)-(C), because such requirements would be included in the due process analysis, which the court must examine. *Marbury*, 111 F.Supp.2d at 1283.

"The Due Process Clause permits a court to summon a nonresident to defend himself in the forum so long as that person has some 'minimum contacts' with that state, and the exercise of personal jurisdiction over the defendant would not offend 'traditional notions of fair play and substantial justice.'" *Ruiz de Molina*, 207 F.3d at 1356 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 392

(11th Cir.1988)). These requirements must be met as to each defendant. *Rush v. Savchuk*, 444 U.S. 320, 331, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980).

The court's "minimum contacts" analysis requires determining whether personal jurisdiction exists in either the specific or general form. *Marbury*, 111 F.Supp.2d at 1284. "Specific jurisdiction exists where a party's contacts with the forum are related to the litigation." *Id.* "General jurisdiction exists where a party has such frequent and regular contacts with the forum state that jurisdiction is proper even though the party's contacts are unrelated to the cause of action." *Id.* These thresholds have been established by the United States Supreme Court in cases such as *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–19, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–99, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co.*, 326 U.S. at 316–19, 66 S.Ct. 154.

### A. Specific Jurisdiction

■ It is undisputed that the cause of action in this case arises out of an accident that occurred in the state of Georgia.[13] Movants have no contacts with Alabama that relate to the car accident. A.C. White has a contract with United, presumably to provide tractors and drivers to United. However, the fact that the contract may sometimes require A.C. White to provide United with tractors and drivers to go into or through Alabama has no relation to the accident that occurred in Georgia. Miness and Salter have a lease or contract with A.C. White to provide a tractor and a driver. However, the fact that those contracts may sometimes bring Miness' trac-

---

**13.** Compl., ¶ 4.

tor and Salter as the driver into or through Alabama has no relationship to the accident that occurred in Georgia. Therefore, neither Salter, Miness, nor A.C. White are subject to the specific jurisdiction of the court in this case.

### B. *General Jurisdiction*

Affidavits submitted by Salter,[14] Miness,[15] and A.C. White [16] tend to establish that they lack the necessary minimum contacts required for the court to exercise general jurisdiction over them. Once again, the only argument Plaintiff makes in his Response is a conclusory argument, citing to no legal authority, that the Movants should be treated as one. Just because contracts or leases may require Movants, at times, to supply to United a tractor or driver to drive into or through Alabama does not automatically make them subject to the general jurisdiction of the court. "A contract with an out-of-state party alone, although relevant, does not automatically establish sufficient minimum contacts." *Electrosource, Inc. v. Horizon Battery Technologies, Ltd.*, 176 F.3d 867, 872 (5th Cir.1999) (citing *Burger King Corp.*, 471 U.S. at 478, 105 S.Ct. 2174). Movants must still have "such frequent and regular contacts with [Alabama] that jurisdiction is proper." *Marbury*, 111 F.Supp.2d at 1284. The affidavits submitted by Movants tend to establish that they lack the minimum contacts with Alabama that would be necessary for the court to exercise general jurisdiction over them. Plaintiff's Response does not contest the accuracy or validity of the affidavits. Accordingly, the court finds that Salter, Miness, and A.C. White lack minimum contacts sufficient to subject them to the general jurisdiction of the court.

Because Plaintiff does not establish that Movants had minimum contacts with Alabama, the court need not address whether exercise of personal jurisdiction over them would offend "traditional notions of fair play and substantial justice."

### C. *Transfer*

Plaintiff requests that, if the court determines that personal jurisdiction does not exist over Movants, then the court transfer the case against Movants only, to a court with proper jurisdiction in Georgia. For the following reasons, the court finds that a transfer is appropriate.

The venue statute, 28 U.S.C. § 1391, provides that:

[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action otherwise may be brought.

28 U.S.C. § 1391(a).

In this case, Miness and Salter are citizens of, and reside in, Georgia. A.C. White is a Georgia corporation, Plaintiff is a citizen of Alabama, and United is a Missouri corporation, with its principal place of business in Missouri.[17] All defendants

---

14. Salter Aff., ¶ 5.

15. Miness Aff., ¶ 5.

16. Johnson (Safety Director of A.C. White) Aff., ¶¶ 2, 5.

17. Compl., ¶ 3.

do not reside in Alabama. Therefore, according to the statute, venue is proper in the United States District Court for the Middle District of Alabama only if a substantial part of the events giving rise to the claim occurred in this district. The third choice of venue applies only if the first two cannot be met. The accident happened at or near the Peach/Houston county line in the state of Georgia.[18] Thus, no objection can be made that a substantial part of the events giving rise to the cause of action occurred in Georgia. Accordingly, venue is improper in the Middle District of Alabama, but is proper in the district court within which the accident occurred, which in this case is the United States District Court for the Middle District of Georgia.

The court recognizes that no motion for improper venue has been made. In addition, Defendants are deemed to have waived any objections to venue by filing for dismissal based on personal jurisdiction, without including an objection to venue. Fed.R.Civ.P. 12(h), (g).

■ However, the court may transfer a case *sua sponte* under either 28 U.S.C. § 1404 or 28 U.S.C. § 1406. Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

■ The court, having found that venue is improper in the Middle District of Alabama, now turns to the issue of whether it can transfer a case in which it lacks personal jurisdiction over some of the defen-

dants. If not, then dismissal is required. The court finds that it may, pursuant to 28 U.S.C. § 1406(a). " 'The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendant or not.' " *Koehring Co. v. Hyde Const. Co.*, 324 F.2d 295, 297 (5th Cir.1963) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)).

Next, the court must determine whether to dismiss the cause of action, or, if it is in the interest of justice, transfer the cause of action to the Middle District of Georgia. In *Aguacate Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc.*, the Court of Appeals for the Fifth Circuit found that it was in the interest of justice to transfer a case when the plaintiff was diligent in filing its case, and the case would otherwise have been barred by the statute of limitations. 566 F.2d 523, 524–25 (5th Cir.1978) (citing *Goldlawr*, 369 U.S. at 467, 82 S.Ct. 913). The court found this to be true under both §§ 1404 and 1406. *Id.* In addition, although ruling under § 1404, the Fifth Circuit has held that the interests of justice should also take into account the forum in which judicial resources may be most efficiently utilized. *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir.1981). The same principle should apply to a transfer under § 1406.

In this case, the court finds that the statute of limitations has run,[19] and if the case were dismissed, Plaintiff would no longer have a cause of action. In addition, the court finds that judicial resources would be most efficiently utilized in the

---

**18.** Compl., ¶ 4.

**19.** The statute of limitations for claims for personal injury is two years in both Georgia

and Alabama. Ga.Code Ann. § 9–3–33; Ala. Code § 6–2–38.

Middle District of Georgia. The accident happened in that district. Three of the five Defendants reside or are incorporated in Georgia. Any accident investigations would have taken place there, and any policemen or medical technicians who could potentially be called as witnesses would most likely be in Georgia. Finally, the court is without personal jurisdiction over the Movants, and thus, if venue were waived and the case not transferred, the court would have to dismiss Plaintiff's claims.

## V. ORDER

Based on the foregoing, it is *sua sponte* CONSIDERED and ORDERED that this cause of action be and the same is hereby transferred to the United States District Court for the Middle District of Georgia. The clerk is DIRECTED to take all actions necessary to effectuate said transfer. It is further CONSIDERED and ORDERED that the Motions To Dismiss filed by Salter, Miness, and A.C. White be and the same are hereby DENIED AS MOOT.